UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| GARY WAYNE WRIGHT, | No. 2:14-CV-0198-JTR |
| Plaintiff, | |
| v. | ORDER GRANTING, IN PART, PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND REMANDING FOR ADDITIONAL PROCEEDINGS |
| CAROLYN W. COLVIN, Commissioner of Social Security, | |
| Defendant. | |

**BEFORE THE COURT** are cross-motions for summary judgment.  ECF No. 15, 16.  Attorney Dana Chris Madsen represents Gary Wayne Wright (Plaintiff); Special Assistant United States Attorney L. Jamala Edwards represents the Commissioner of Social Security (Defendant).  The parties have consented to proceed before a magistrate judge.  ECF No. 7, 8.  After reviewing the administrative record and the briefs filed by the parties, the Court **GRANTS, in part,** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and **REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## JURISDICTION

Plaintiff filed an application for Supplemental Security Income (SSI) on December 14, 2008, alleging disability since January 1, 1981, due to borderline intellectual functioning, anxiety and anger.  Tr. 253, 278.  Plaintiff indicates he

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 1

stopped working because of his condition on January 1, 1988, Tr. 178, however, the SSI application date, December 14, 2008, is construed as Plaintiff's alleged onset date of disability because SSI is not payable prior to the month after the month in which an individual files an application for SSI. Tr. 19-20.

The SSI application was denied initially and upon reconsideration. Administrative Law Judge (ALJ) Caroline Siderius held an initial hearing on June 1, 2010, Tr. 49-70, and issued an unfavorable decision on June 22, 2010, Tr. 155-166. On April 26, 2012, the Appeals Council granted Plaintiff's request for review and remanded the matter to the ALJ with instructions to evaluate the opinion of R. Renee Eisenhauer, Ph.D., and to address the presumption of continuing non-disability arising from the prior unfavorable hearing decision of August 12, 2008. Tr. 170-174.

ALJ Siderius held a new hearing on August 21, 2012, Tr. 71-95, and issued another unfavorable decision on November 2, 2012, Tr. 19-33. The Appeals Council denied review on April 23, 2014. Tr. 1-6. ALJ Siderius' November 2012 decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on June 17, 2014. ECF No. 1, 4.

### STATEMENT OF FACTS

Plaintiff was born on January 23, 1958, and was 50 years old on the SSI application date, December 14, 2008. Tr. 274. Plaintiff completed high school, reportedly taking special education classes and needing to repeat the third and fourth grades. Tr. 55, 60, 419, 466. His "Disability Report" indicates he last worked as a desk assembler in 1988. Tr. 278-279. He has also reported janitorial work on an off-and-on basis since 1974. Tr. 87, 91, 319. In 1991, Plaintiff was convicted of sex offenses involving children. Tr. 509. He was incarcerated until 1999 and is required to register as a sex offender. Tr. 509. While incarcerated, Plaintiff worked for six or seven months in the prison kitchen, a job that ended

when he was released in 1999.  Tr. 419.  He testified at the June 1, 2010 administrative hearing that he last worked in 1999 doing various labor tasks at Nalley's Pickle Plant and performing production work putting CDs into sleeves. Tr. 53-54, 510.  Plaintiff supports himself with public assistance.  Tr. 64, 80-81.

At the June 1, 2010, administrative hearing, Plaintiff testified it was difficult for him to get a job because he lacks education, his mind wanders, and he has trouble staying focused.  Tr. 59.  At that time, Plaintiff indicated he was on medication for cholesterol and high blood pressure, but did not take medication for mental impairments.  Tr. 56-57.  He stated he had previously taken Prozac, but he discontinued use of that medication due to the side effects.  Tr. 60.  At the August 21, 2012, administrative hearing, Plaintiff testified his anger and depression had gotten worse.  Tr. 75-76.  He indicated he had problems maintaining a job because of mind wandering, anger, anxiety, and not comprehending job duties.  Tr. 81, 83-85.  He was taking Vistaril for anxiety at the time of the August 21, 2012, administrative hearing.  Tr. 85.

When asked about a typical day, Plaintiff stated on June 1, 2010, he sat around, watched TV and did word search puzzles.  Tr. 57-58.  On August 21, 2012, Plaintiff stated he watched TV five or six hours a day and continued to do word search puzzles.  Tr. 78, 82.  He indicated he was able to keep up with his housework, including laundry and dishes, and would go grocery shopping about once a week.  Tr. 58, 62.  Plaintiff testified he could walk three or four blocks before needing to sit.  Tr. 62.  Although his house had about 50 or 60 stairs, he stated he had difficulty climbing stairs.  Tr. 62-63, 88-89.  He reported no problems with sleep.  Tr. 63, 79.

## STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  The ALJ's determinations of law are reviewed de novo,

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 3

although deference is owed to a reasonable construction of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id*. at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988). If substantial evidence exists to support the administrative findings, or if conflicting evidence exists that will support a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

### SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *see, Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in his previous occupation. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot do his past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show that

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 4

(1) the claimant can make an adjustment to other work; and (2) specific jobs exist in the national economy which claimant can perform. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make an adjustment to other work in the national economy, a finding of "disabled" is made. 20 C.F.R. §§ 404.1520(a)(4)(i-v), 416.920(a)(4)(i-v).

## ADMINISTRATIVE DECISION

The ALJ found Plaintiff had not engaged in substantial gainful activity since December 14, 2008, the application date. Tr. 22. At step two, the ALJ determined Plaintiff had the severe impairments of obesity, borderline intellectual functioning/cognitive impairment, depression, anxiety, and personality disorders. Tr. 22. At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. Tr. 24.

The ALJ assessed Plaintiff's RFC and determined he could perform a restricted range of light exertion level work. Tr. 25. The ALJ found that Plaintiff could perform work that does not involve lifting or carrying more than 10 pounds frequently or more than 20 pounds occasionally; sitting for more than a total of 6 hours during an 8-hour workday with normal breaks; standing and/or walking for more than a total of 6 hours during an 8-hour workday with normal breaks; more than 1 to 3-step tasks; any detailed work; more than ordinary production requirements; more than occasional contact with coworkers or the public; or any contact with children. Tr. 25-26.

At step four, the ALJ found Plaintiff had no past relevant work. Tr. 32. At step five, the ALJ determined that, considering Plaintiff's age, education, work experience and RFC, and based on the testimony of the vocational expert, Plaintiff was capable of making a successful adjustment to other work that exists in significant numbers in the national economy, including the jobs of housekeeping cleaner and agricultural produce sorter. Tr. 33. The ALJ thus concluded Plaintiff

was not under a disability within the meaning of the Social Security Act at any time from December 14, 2008, the application date, through the date of the ALJ's decision, November 2, 2012.  Tr. 33.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.  Plaintiff contends the ALJ erred by (1) improperly discrediting his symptom claims; and (2) failing to properly consider and weigh the medical opinion evidence.

## DISCUSSION

### A.    Plaintiff's Credibility

Plaintiff contends the ALJ erred by failing to provide valid reasons for rejecting his subjective complaints.  ECF No. 14 at 8-13.  The Court agrees.

It is the province of the ALJ to make credibility determinations.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  However, the ALJ's findings must be supported by specific cogent reasons.  *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990).  Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence.  *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).  Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing."  *Smolen v.* Chater, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).  "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."  *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

In this case, the ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's

statements concerning the intensity, persistence and limiting effects of the symptoms were not credible to the extent they were inconsistent with the ALJ's RFC determination.  Tr. 27-28.

The ALJ first found that inconsistences between Plaintiff's statements and the evidence of record undermined his credibility.  Tr. 27.  Inconsistencies in a disability claimant's testimony support a decision by the ALJ that a claimant lacks credibility.  *Nyman v. Heckler*, 779 F.2d 528, 531 (9th Cir. 1986); *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012) ("Even where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally debilitating impairment.").

The ALJ determined Plaintiff's "admission that he could concentrate to watch television and do word search puzzles undermines his claim he could not work because his mind wanders and he lacks the ability to focus." Tr. 27.  The ALJ also noted Plaintiff's testimony that he could read the newspaper, perform simple math, and count change was inconsistent with his allegations of concentration deficits.  Tr. 27.  Finally, the ALJ found Plaintiff's October 2008 "admission" that he has problems working as a result of being lazy[1] and September 2011 statement that he wished to get training to work were inconsistent with his assertion of the presence of disabling physical or mental impairments.  Tr. 28.

It is well-settled that a claimant need not "vegetate in a dark room" to be found disabled.  *Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987).  Plaintiff's

---

[1]This report predates the relevant time period in this matter.  Evidence from outside of the relevant time period can be deemed useful as background information; however, it is irrelevant to the extent that it does not address claimant's medical status during the relevant period at issue in this action.  *See Fair v. Bowen*, 885 F.2d 597, 600 (9th Cir. 1989).

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 7

report that he watches TV, performs word search puzzles, is able to read the newspaper and can perform simple math and indication he would like training in order to work are not necessarily inconsistent with his description of functional limitations.  The ALJ's assertion that these reports demonstrate inconsistencies with Plaintiff's allegations of disabling limitations is unfounded.

The ALJ next held that Plaintiff's "active lifestyle" establishes he has the capacity to perform work not inconsistent with the ALJ's RFC determination.  Tr. 27.  Daily activities may be grounds for an adverse credibility finding if a claimant is able to spend a substantial part of his day engaged in pursuits involving the performance of physical functions that are transferable to a work setting.  *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).

The ALJ cites to record evidence demonstrating Plaintiff is able to do laundry, prepare meals and shop; spends his time walking around, doing odd jobs, and helping his mother and her neighbors; assists his mother with her oxygen and caring for her dog; is able to do laundry, prepare meals, wash dishes, and maintain his personal finances; rides his bicycle and listens to the radio; lives by himself and spends time at his mother's house helping with chores and taking her to visit friends; goes to his mother's house to help her with chores and walks the dog; is able to wash dishes and vacuum daily and do the laundry about once a week; is able to cook from scratch and cook on a hibachi; is able to manage his own funds; lives alone and spends time watching TV and doing word search puzzles; is able to do the laundry and prepare simple meals; and retains the ability to visit his mother and socialize with her neighbors.  Tr. 26-27.

While it was not improper for the ALJ to consider Plaintiff's level of activity in this case when assessing his credibility, the Ninth Circuit has held that one does not need to be "utterly incapacitated" to be disabled.  *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) ("claimant's ability to engage in activities that were sporadic and punctuated with rest, such as housework, occasional weekend trips, and some

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 8

exercise, do not support a finding that he can engage in regular work activities"). Plaintiff's reported daily activities are not necessarily inconsistent with his description of limitations, and there is no evidence of record which shows that Plaintiff is able to spend a substantial part of his day engaged in the performance of work related functions. Moreover, Plaintiff has consistently indicated he lives alone, helps his mother, is able to do household chores and spends time watching TV and doing word puzzles. The Court finds Plaintiff's consistency with reporting these daily activities actually supports his credibility in this case.

The ALJ also indicated the record reflected noncompliance issues. Tr. 27. Noncompliance with medical care or unexplained or inadequately explained reasons for failing to seek medical treatment cast doubt on a claimant's subjective complaints. 20 C.F.R. §§ 404.1530, 426.930; *Fair v. Bowen*, 885 F.2d at 603. The ALJ noted the record fails to show Plaintiff has sought or required significant forms of treatment; Plaintiff has failed to comply with treatment by repeated no-shows for mental health counseling; and Plaintiff's irregular use of Prozac is inconsistent with his allegations of disabling symptoms. Tr. 27. The ALJ stated Plaintiff's limited use of Prozac suggested his symptoms of depression have been controlled and Plaintiff has admitted his anxiety has been controlled without the use of Vistaril. Tr. 27.

The Ninth Circuit has held that a lack of mental health treatment is a questionable basis on which to reject a claim of a mental impairment. *Nguyen v. Chater*, 100 F.3d 1462, 1465 (9th Cir. 1996) (finding "it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation") (citation and inner quotation marks omitted). Furthermore, pursuant to SSR 96-7, an ALJ must not draw an adverse inference from a claimant's failure to seek or pursue treatment "without first considering any explanations that the individual may provide, or other information in the case record, that may explain infrequent or irregular medical visits or failure to seek

medical treatment."  SSR 96-7; *see also Dean v. Astrue*, 2009 WL 2241333 (E.D. Wash. 2009) (noting "the SSR regulations direct the ALJ to question a claimant at the administrative hearing to determine whether there are good reasons for not pursuing medical treatment in a consistent manner").  Here, the ALJ sought no explanation for Plaintiff's lack of significant mental health treatment.

The effectiveness of medication in alleviating pain and other symptoms is a relevant factor to consider in evaluating the severity of a claimant's symptoms.  20 C.F.R. § 416.929(c)(3).  However, as noted by Plaintiff, the record shows that Plaintiff had difficulty tolerating the side effects of the mental health medication, Tr. 60, 419, and the ALJ's implication that Plaintiff's condition stabilized with medication is belied by the record, Tr. 370 (stating Prozac was only "somewhat" effective).  ECF No. 15 at 13.  In this case, the issue of medication effectiveness is unresolved.

Lastly, the ALJ indicated the objective medical evidence of record does not support Plaintiff's disability assertions.  Tr. 28.  A lack of supporting objective medical evidence is a factor which may be considered in evaluating a claimant's credibility, provided it is not the sole factor.  *Bunnell v. Sullivan*, 347 F.2d 341, 345 (9th Cir. 1991).  Here, as noted by Plaintiff, ECF No. 17 at 2-4, every mental health care professional of record has indicated Plaintiff has mental limitations which adversely affect his ability to perform work related activities.  *See infra*. Plaintiff's allegations of functional limitations are not unsubstantiated by the objective evidence of record.

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony.  *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).  It is the role of the trier of fact, not this Court, to resolve conflicts in evidence.  *Richardson*, 402 U.S. at 400.  The Court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ even if it might justifiably

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 10

have reached a different result upon de novo review.  42 U.S.C. § 405(g).
Nevertheless, based on the foregoing, the Court concludes that the rationale
provided by the ALJ for discrediting Plaintiff is not clear and convincing.  The
Court thus finds that a remand for a proper credibility determination is necessary in
this case.

**B.    Medical Opinion Evidence**

Plaintiff contends the ALJ also erred by failing to properly consider and
weigh the medical opinion evidence.  ECF No. 15 at 15-18.  Plaintiff argues the
ALJ failed to properly consider the October 2008 and September 2009 opinions of
Kayleen Islam-Zwart, Ph.D., and improperly afforded "no significant weight" to
the opinions of R. Renee Eisenhauer, Ph.D., and W. Scott Mabee, Ph.D.  *Id.*

On October 3, 2008,[2] Dr. Islam-Zwart examined Plaintiff and completed a
Psychological/Psychiatric Evaluation form.  Tr. 358-365.  Dr. Islam-Zwart
assessed moderate, marked and severe functional limitations, Tr. 360, and
indicated Plaintiff continued to exhibit cognitive difficulties, Tr. 363.  Dr. Islam-
Zwart indicated Plaintiff's interpersonal presentation and cognitive impairments
caused Plaintiff to be unable to work in a regular manner and opined "it is highly
improbable he would be able to [work] at any point in the future."  Tr. 365.  The
ALJ afforded Dr. Islam-Zwart's October 3, 2008 opinion "no significant weight."
Tr. 31.

Dr. Islam-Zwart performed another evaluation of Plaintiff on September 18,
2009.  Tr. 418-428.  Dr. Islam-Zwart again assessed moderate, marked and severe
functional limitations, Tr. 426, and noted Plaintiff continued "to present as odd and
socially and cognitively impaired," Tr. 421.  Dr. Islam-Zwart opined that Plaintiff

---

[2]This report predates the relevant time period in this matter.  As indicated
above, evidence from outside the relevant time period is of limited relevance.  *See
Fair v. Bowen*, 885 F.2d at 600.

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 11

"continues to be unable to work in a regular and sustained fashion and his prognosis for future change is poor." Tr. 421. The ALJ also afforded this opinion "no significant weight." Tr. 31.

On October 28, 2008, R. Renee Eisenhauer, Ph.D., approved Plaintiff's claim for public assistance based on Section 12.08 (personality disorders). Tr. 417. The ALJ afforded Dr. Eisenhauer's report "no significant weight" because it was based on Dr. Islam-Zwart's rejected assessments. Tr. 31.

W. Scott Mabee, Ph.D., completed Psychological/Psychiatric Evaluation forms on January 27, 2011, Tr. 466-470, and December 6, 2011, Tr. 518-525. Dr. Mabee assessed several moderate and marked functional limitations but opined that Plaintiff was capable of understanding and carrying out simple, repetitive instructions and completing simple tasks if closely supervised. Tr. 468-469, 519. The ALJ assigned "no significant weight" to Dr. Mabee's assessed limitations, but gave "some weight" to his opinion that Plaintiff could understand and carry out simple instructions, concentrate for short periods and work best in positions that have minimal contact with others. Tr. 31-32.

As determined above, in light of the ALJ's erroneous credibility determination, this matter will be remanded for additional proceedings. On remand, the ALJ shall reconsider Plaintiff's statements and testimony. The ALJ shall additionally reassess Plaintiff's RFC, taking into consideration the medical opinions of Dr. Islam-Zwart, Tr. 358-365, 418-428, the October 28, 2008 report of Dr. Eisenhauer, Tr. 417, the Psychological/Psychiatric Evaluation forms completed by Dr. Mabee on January 27, 2011, Tr. 466-470, and December 6, 2011, Tr. 518-525, and all other medical evidence of record relevant to Plaintiff's claim for disability benefits. In addition, the ALJ shall direct Plaintiff to undergo a new consultative psychological examination. If warranted, the ALJ shall elicit the testimony of a medical expert to assist the ALJ in formulating a new RFC determination. The ALJ shall present the new RFC assessment to a vocational

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 12

expert to help determine whether Plaintiff is capable of performing any work existing in sufficient numbers in the national economy.

## CONCLUSION

Plaintiff argues the ALJ's decision should be reversed and remanded for an immediate award benefits.  The Court has the discretion to remand the case for additional evidence and findings or to award benefits.  *Smolen*, 80 F.3d at 1292.  The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose.  *Id*.  Remand is appropriate when additional administrative proceedings could remedy defects.  *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989).  In this case, the Court finds that further development is necessary for a proper determination to be made.

On remand, the ALJ shall reexamine Plaintiff's statements and testimony and reassess Plaintiff's RFC, taking into consideration the opinions of Drs. Islam-Zwart, Eisenhauer, and Mabee, and all other medical evidence of record relevant to Plaintiff's claim for disability benefits.  The ALJ shall develop the record further by requiring Plaintiff to undergo a new consultative psychological examination prior to a new administrative hearing and, if warranted, by eliciting the testimony of a medical expert to assist the ALJ in formulating a new RFC determination.  The ALJ shall obtain supplemental testimony from a vocational expert and take into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED:**

1.      Plaintiff's Motion for Summary Judgment, **ECF No. 15**, is **GRANTED, in part**.

2.      Defendant's Motion for Summary Judgment, **ECF No. 16**, is **DENIED**.

3.      The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 13

4.     An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide copies to counsel. **Judgment shall be entered in favor of Plaintiff,** and the file shall be **CLOSED**.

DATED May 18, 2015.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE